### CLEVELAND (City) Plaintiff-Appellee v. SADO, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20013.   Decided May 7, 1945.

A. A. Rutkowski, Prosecutor, Cleveland, and M. Stanford, Asst. Prosecutor, Cleveland, for plaintiff-appellee.

F. N. Acker, Cleveland, for defendant-appellant.

### OPINION

By MORGAN, J.

The appellant, Steve Sado, was arrested and charged with passing a standing street car on September 7, 1944, in violation of Section 2418-4 of the Municipal Code of the City of Cleveland.

At the trial the evidence disclosed that a street car was travelling westerly on Lorain Avenue and stopped at West 61st Street at the regularly designated stop and usual stopping point and discharged two passengers. As one of the passengers approached the north curb opposite the street car door he was struck and seriously injured by a truck driven by the

defendant also in a westerly direction, which failed to stop.

At the conclusion of plaintiff's evidence, the defendant rested without offering any proof and the defendant was found guilty of the crime charged.

Section 2418-4 of the Municipal Code provides as follows:

"The driver of a vehicle overtaking upon the right of any street car stopped or stopping at a designated car stop for the purpose of receiving or discharging any passenger, shall stop such vehicle at the rear of such street car and thereupon remain standing until all passengers have boarded such car, or upon alighting have reached a place of safety * * *. For the purpose of this section, a street car or street car train which has stopped shall be considered to have stopped at a regularly designated stop or usual stopping point, when any portion of the street car or train is within fifty feet of a point on the tracks opposite any sign or marker designating such stopping point."

The appellant contends that the case should be reversed and the defendant discharged for the following reasons:

"1. That Section 2418-4 of the municipal code of Cleveland is void because of conflict with the state statute on the same subject.

2. That no public authority has ever designated any specific car stops or authorized erection of car stop signs as required by §6307-11 GC, and hence no violation of the Cleveland ordinance is legally possible."

1. Sec. 6307-56 GC, provides that:

"The driver of a vehicle overtaking upon the right any street car stopped for the purpose of receiving or discharging any passenger, shall stop said vehicle at least five feet to the rear of the nearest running board or door of such street car and thereupon remain standing until all passengers have boarded such street car or upon alighting have reached a place of safety.* * *."

Sec. 6307-6 GC, provides:

"Uniform application: Conflicting local regulations prohibited: The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or

enforce any rule or regulation in conflict with the provisions of this act unless expressly authorized herein."

Appellant cites the case of **Schneiderman v Sesanstein, 121 Oh St 80,** wherein it is stated (page 85):

"In determining whether the provisions of the ordinance in question conflict with the general law covering the same subject, a proper test may be applied by the inquiry: Does the ordinance prohibit an act which the statute permits; or permit an act which the statute prohibits? Village of Struthers v Socol, supra.

When the law of the state provides that a rate of speed greater than a rate therein specified shall be unlawful, it is equivalent to stating that driving at a less rate of speed shall not be a violation of law and therefore an ordinance of a municipality which attempts to make unlawful a rate of speed which the state has stamped by general law as lawful, would be in conflict therewith."

If in this case the ordinance had provided that a vehicle should stop at a distance from the door of a street car stopped at a regular stopping place, either more or less than five feet, as provided in the state statute, it might be contended that such an ordinance would be void as in conflict with the statute. In one case it might be held that the ordinance would prohibit what the statute permits. In the other case, that the ordinance would permit what the statute prohibits.

But said Section 2418-4 is not such an ordinance. It has no provision as to where a vehicle must stop with reference to the door of the street car stopped at a regular stopping place. The ordinance, however, enters and covers a field not mentioned in the state statute, namely, where, under such circumstances, a vehicle must stop with reference to the street car itself.

The conditions in one municipality may differ and frequently do differ from the conditions in another. In many municipalities of the state all street cars have rear door entrances and exits. In such Cities a municipal ordinance such as said Section 2418-4 would add little or nothing to the statute.

In the City of Cleveland, however, many street cars have center door entrances and exits with no door at the rear. In such cases Ordinance 2418-4 supplies an added requirement which is in no sense in conflict with the state statute as the latter is wholly silent on the question where an overtaking vehicle must stop with reference to the street car itself.

It should not be forgotten that **Section 3, Article XVIII, of the Ohio Constitution,** sometimes overlooked, still provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits, such local police, sanitary and other similar regulations as are not in conflict with general laws."

It is possible, of course, to construe the words, "as are not in conflict with general laws" so narrowly that the grant of power to municipalities provided in the section virtually disappears. This, however, was not the intention of the framers of this 1912 amendment to the Ohio Constitution.

In our opinion the following Ohio decisions require that the validity of the ordinance in this case be upheld:

**Hayes v Village of St. Marys, 55 Oh St 197;** Walter v City of Bowling Green, 5 C C (N. S.) 516; **Froelich v City of Cleveland, 99 Oh St 376; Leis v Cleveland Railway Co. 101 Oh St 162.**

In Leis v Cleveland Railway Company, our supreme court quoted with approval the following statement in Sullivan v Shreveport, 251 U. S. 169:

"Enough has been said to show that in each community the operation of street cars presents such special problems—due to the extent and character of the travel to grades and other conditions—that with peculiar appropriateness they have been committed by the law primarily to the disposition of the local authorities whose determination will not be disturbed by the courts except in cases in which the power has been exercised in a manner clearly arbitrary and oppressive."

In Pollen v Selmen, 16 Ala. Appeals 473; 79 Southern 147 (1918) it was held that an ordinance requiring the operator of a motor vehicle to bring the same to a complete stop not less than one foot from the rear of any street car taking on or letting off passengers, was not inconsistent with or repugnant to the provisions of a state law which provided that:

"In approaching or passing a car of a street railway which has been stopped to allow passengers to alight or embark, the operator of every motor vehicle shall slow down and if it is necessary for the safety of the public he shall bring the said vehicle to a full stop." (See also to the same effect, Mann v Scott, 180 Cal. 515 (1919).

2. As to the second claim of error, it is conceded that the corner of West 61st Street and Lorain Avenue in Cleveland, Ohio, is a usual stopping place for street cars and is designated as such. It is also conceded that the street car in this case stopped within fifty feet of a point on the tracks opposite the sign or marker designating the stopping point.

Sec. 6307-11 GC, provides:

"All such traffic control devices hereafter erected shall conform to the state manual and specifications."

This section deals with a different subject matter as a street car stop is not a "traffic-control device" within the meaning of the statute.

Under Section 113-3 of Cleveland City Charter the Transit Board has full and complete authority over the "determination of routes, ,time schedules and stops" of the transit system. The car stop at West 61st Street and Lorain Avenue, and the erection of the stop sign at that point were under the authority of the transit commission.

Because the evidence discloses a clear violation in this case of Section 2418-4 of the Municipal Code a valid enactment of the city of Cleveland, the judgment in this case is affirmed.

SKEEL, P. J., and LIEGHLEY, J., concur.